UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14033-CIV-ROSENBERG/MAYNARD

ROSANA BOULHOSA NASSAR,

    Plaintiff,

v.

EDUARDO BOULHOSA NASSAR,

    Defendant.
    _____/

## ORDER ON DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO ANSWER CERTIFIED QUESTIONS (DE 142)

**THIS CAUSE** comes before me upon Defendant's Motion to Compel Plaintiff to Answer Certified Questions ("Motion to Compel" or "MTC"). DE 142. Having reviewed the motion, the Response (DE 144), the Reply (DE 145) and the record in this case, the Motion to Compel is **GRANTED IN PART AND DENIED IN PART** for the reasons set forth below.

## BACKGROUND

This action by *pro se* Plaintiff for malicious prosecution arises from a 2012 lawsuit that her Defendant brother filed against her in state court for defamation and intentional infliction of emotional distress stemming from a book she published and certain statements she allegedly made online.[1] DE 1-2 at 4. That case was litigated for two and a half years before Defendant filed a Notice of Dismissal. DE 21 at 6; DE 16. Plaintiff claims Defendant dismissed that case to prevent disclosure of materials that would show his claims against her were false. DE 1-2 at 4.

---

[1] In 2012, Defendant sued Plaintiff in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida in *Eduardo Boulhosa Nassar, M.D. v. Rosana Nassar Zolin*, Case No. 562012CA002842.

These siblings have been in court frequently. Besides the 2012 lawsuit, Plaintiff sued Defendant in the United States District Court for the Middle District of Florida in 2014 alleging that he defamed and slandered her, hired people to stalk and harass her, and created offensive websites under her name.[2] Plaintiff sued Defendant again in the Southern District of Florida on November 5, 2018, alleging intentional infliction of emotional distress and assault based on her claim that he hired people to follow her. *Nassar v. Nassar*, Case No. 18-14455-CIV-RLR.[3] That same month, on November 27, 2018, Plaintiff filed the case at bar against Defendant in state court.[4] It was removed to this Court on January 30, 2020 and assigned to the Honorable Jose E. Martinez. DE 1; DE 2. On May 29, 2020, the case was assigned to the Honorable Robin L. Rosenberg for all further proceedings. DE 18.

More recently, on May 5, 2021, Defendant filed a motion to strike Plaintiff's pleadings and dismiss the instant complaint (the "Motion to Dismiss") alleging that Plaintiff had engaged in legal maneuvers to evade sitting for her deposition. DE 104. On July 22, 2021, Judge Rosenberg deferred ruling on the Motion to Dismiss, stayed the case, and ordered Plaintiff to sit for a deposition pursuant to a hearing that I was to hold for purposes of setting the time, date and conditions for the deposition. DE 134. In so doing, Judge Rosenberg cautioned that Plaintiff was

---

[2] Plaintiff sued Defendant in the United States District Court for the Middle District of Florida in Case No. 14-cv-1501-J-34MCR.

[3] The undersigned issued a Report and Recommendation, DE 29, on Defendant's Motion to Dismiss *in Nassar v. Nassar*, 18-14455-CIV-RLR, which was adopted by the District Judge, DE 32. The undersigned later issued a second Report and Recommendation, DE 41, on Defendant's Motion to Dismiss Plaintiff's amended complaint, which was also adopted, DE 44. The case was dismissed on July 24, 2020. *Id*.

[4] *See Nassar v. Nassar,* Nineteenth Judicial Circuit for St. Lucie County, Florida, Case No. 562018CA002196.

being afforded "one final opportunity to sit for a deposition." *Id.* Thereafter, Plaintiff's deposition was set for August 26, 2021. DE 137.

On October 7, 2021, Defendant filed the instant Motion to Compel alleging that Plaintiff "refused to answer numerous relevant questions," which Defendant contended were certified for the record. DE 142 at 1. The Motion to Compel indicates that Plaintiff was deposed for more than seven and one-half hours total over two dates: August 26, 2021 and September 1, 2021. DE 142-1; DE 142-2; DE 149-1. From a review of the transcripts, I find that Plaintiff fully complied with the Court's order to sit for a deposition. DE 134; *see also* DE 137.

I find the Motion to Compel, however, to be deficient. Defendant did not clearly identify the questions that were asserted to be certified in his Motion to Compel. Rather, with respect to the August 26, 2021 deposition, Defendant attached only excerpts of the deposition to the MTC. DE 142. Later, Defendant filed a full transcript of the August 26, 2021 deposition. DE 149. Even so, the Court was left in the position of having: 1) to review the transcript of the deposition; 2) to note where counsel stated "mark the answer" or "mark the question"; and 3) to attempt to discern what exactly counsel wanted answered. The same is true of the September 1, 2021 deposition. Although record citations were provided in the Motion to Compel with respect to the September 1, 2021 deposition, the Court was left in the same position of attempting to discern the exact question that counsel contends was left unanswered. Furthermore, the Motion to Compel provided no explanation whatsoever as to why the information being sought was necessary. Such explanation, if it had been provided, would have additionally served to identify the exact question that counsel claimed was not answered and would have allowed more meaningful review by the Court for purposes of ruling. Finally, while exhibits were referenced in the August 26, 2021 deposition, they were not attached to the full transcript when it was filed. DE 149. Also, many of

3

the exhibits attached to the September 1, 2021 deposition were in Portuguese without an English translation, including exhibits at issue for purposes of the Motion to Compel.

Furthermore, Plaintiff's Response only addresses her objections to questions in the September 1, 2021 deposition. DE 144. Plaintiff primarily objects to being asked questions about documents written in Portuguese without an English translation.[5] *Id.* Defendant replies that Plaintiff is fluent in English and Portuguese languages and argues that Plaintiff's cited case law does not state that a deponent can refuse to answer deposition questions regarding documents in a foreign language. DE 145.

## DISCUSSION

"Pursuant to Federal Rule of Civil Procedure 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). Rule 26, however, also protects those from whom discovery is sought from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Hayes Healthcare Servs., LLC v. Meacham*, No. 19-60113-CIV, 2019 WL 7708240, at *1 (S.D. Fla. July 1, 2019) (quoting Fed.R.Civ.P. 26(c)(1)). With respect to depositions, the federal rules state that a witness may refuse to answer a deposition question only when (1) necessary to preserve a privilege, (2) to enforce a limitation on evidence directed by the court, or (3) to protect a witness from bad faith examination or from unreasonable annoyance, embarrassment, or oppression. *See* Fed. R. Civ. P. 30(c)(2). Objections, including an objection for relevancy, may be stated for the record; however, the examination proceeds and testimony is taken subject to any objection. *Id. See also Quantachrome Corp. v. Micromeritics Instrument Corp.*, 189 F.R.D. 697, 700 (S.D. Fla. 1999)

---

[5] Plaintiff filed an Errata Sheet with respect to the August 26, 2021 deposition clarifying three of her statements. DE 150.

("[T]he [relevancy] objection should briefly be made for the record, and the deposition should continue with the testimony being taken subject to the objection."). Nonetheless, courts find that requests to re-depose or compel testimony should make clear why the information sought is needed. *See Espinoza v. S. Beach Assocs., LLC*, No. 20-22873-CIV, 2020 WL 8739939, at *2 (S.D. Fla. Oct. 27, 2020) (noting that defense counsel improperly instructed a witness not to answer on grounds of form and relevancy but denying a request to re-depose a witness because the plaintiff's motion lacked explanation to allow the Court to find good cause to re-open discovery). Moreover, documents used in a court proceeding, when not in English, are to be provided with an English translation. *Nodus Int'l Bank, Inc. v. Arocha Hernandez*, 511 F. Supp. 3d 1316, 1325 (S.D. Fla. 2021) (dismissing fraud claim on grounds that the agreement at issue was submitted in Spanish without an English translation, which violated the rule that parties offering a foreign language document in a proceeding must provide an English language translation). The practical reason for requiring foreign language documents to be translated to English when used in court proceedings is to allow meaningful review by the Court. *See id.*

With the above principles in mind, I reviewed the transcripts of Plaintiff's depositions. Working within the constraints described above, I identified five topics at issue in the August 26, 2021 deposition and five questions at issue in the September 1, 2021 deposition as further discussed below.

**I.   August 26, 2021 Deposition**

    **A. Question Topic 1**

The first question at issue appears to center on an alleged lack of complete exhibits to the instant Complaint:

>So don't you think if you are going to file a document with the court and represent that it is a complete document, you have an obligation to make the document complete that you filed with the court?

DE 149-1 at 22:10-25.  The question is reviewed in the context of the below testimony:

>Q: In the defamation suit there were exhibits to the Complaint nearly 100 pages.  Is there a particular reason why, when you filed this suit and attached the Complaint from the defamation suit, that you chose not to also attach the exhibits to that Complaint that were part of the document?
>
>A: The only – Like I said, when I received the Complaint, I only received the Complaint . . . If I filed in St. Lucie . . . the Complaint in the same – under the same court in the same jurisdiction, I was referring to the case number.
>
>. . .
>
>A: I filed the entire Complaint.  I mean, the Complaint that I received.
>
>Q: So, is it going to be your testimony here under oath that you never received the exhibits to the defamation Complaint, which consisted of the Facebook post, the WordPress post, and the transcription . . . from one of your videos?
>
>A: I don't remember when I received . . . that.
>
>. . .
>
>Q: Well, you know the documents I'm talking about, correct?
>
>A: I know.  I know because I saw it later.  Sometime I remember seeing it.  Uh-huh, yes.
>
>Q: So don't you think if you are going to file a document with the court and represent that it is a complete document, you have an obligation to make the document complete that you filed with the court?
>
>A: You are asking me a speculative question.  You are asking me what I think and I don't know how to answer that.  It's – You know, I don't know how to answer that, because I don't know what – You know, I don't know what you're saying.  You want me to give you an opinion.  I don't need to answer an opinion.  I oppose to answering an opinion.  It's not my opinion.  I don't have an opinion on that.  It's an argumentative question and I oppose to testifying to what I think.
>
>Q: Mark the question . . ..

DE 149-1 at 21:14-24:25.  I find that Plaintiff answered that she filed what she received.  Defendant fails to explain why Plaintiff's thoughts on her "obligation to make [a] document complete that [is] filed with the court" pertains to the claims and defenses in this case.  Accordingly, the Motion to Compel is denied with respect to Question Topic 1.  *Espinoza*, 2020 WL 8739939, at *2.

### B. Question Topic 2

The second area of questioning at issue pertains to whether Plaintiff considers depression to be a serious mental illness and whether she knows the difference between depression and mental illness.  Defense counsel noted on the record that Plaintiff has a master's in psychology and was "separating a prior answer [of] depression from mental illness."  DE 149-1 at 34:2-35:4.  Plaintiff initially refused to answer these questions, and Defense counsel requested that the answer be marked.  *Id.* at 35:3-4.  As the deposition progressed, however, Plaintiff clarified that she was "considering the fact that if there is a reason, like a temporary reason for someone to be depressed . . . then that's not a chronic illness as depression."  *Id.* at 35:3-25.  I find, therefore, that Plaintiff answered the question.  Accordingly, as to Question Topic 2, the Motion to Compel is denied.

### C. Question Topic 3

The third area of questioning relates to Plaintiff's medical history.  The questions and the context for them follows:

Q: . . . Have you seen any doctors in the last ten years?

A: Doctors, yes.

Q: Which doctors have you seen in the last ten years?

A: Heart and gynecologist.

Q: Okay.  So heart, gynecologist.  Do you have a regular general physician, internist?

A: I don't have one now, but yes, I had Maria Torres.  Maria Torres.

Q: Okay. When was she your physician, what timeframe?

A: For a while, 2017 or '16 all the way until recently like December of last year. And this year I had an appointment, but I couldn't make it because I was in Texas. So yeah, I'm seen at her office.

Q: And Dr. Maria Torres is located where?

A: You know, I oppose. I mean, this is medical records and there's a lot of privacy issues on that that you are going way beyond, you know, these details about my health. That's protected information.

Q: I disagree with you. You raised the issues by filing malicious prosecution claim, defamation suit. And the issues on defamation suit had everything to do with your medical issues, because that was the basis for some of your claims in your book and everything else. So the bottom line is, is that I'm going to ask you the questions. You can refuse to answer and I'll have Ashley mark it, and when I get the judge on the phone later today we'll bring it up and the judge can rule at that point. That said, you already identified Dr. Maria Torres, so this is a pretty easy question, which I don't think we need to get the judge on, which is what city and state is she in?

A: Okay. So this is about my physical health. You are going to contact – You can't – This is – You know, I already told you.

Q: Very simply. If I seek to issue a subpoena on Dr. Torres, you can object at that point in time with the court.

A: So she's in Fort Pierce. Everybody knows her. Fort Pierce.

Q: . . . You also say you see a gynecologist. What's that doctor's name?

A: Okay. I don't have that doctor's name. It's been a while, so I don't have it in front of me.

Q: Over what period of time did you see the gynecologist?

A: I'm going to oppose that. It's medical records and I'm going to oppose that. If I answer he's going to know what I did, what kind of problem I had. That's diagnosis. That's protected.

Q: I hadn't asked you any of that. I just want doctors names.

A: No. I oppose it. I told you gynecologist. I've seen a gynecologist. I see a heart [doctor]. It's already telling you too much that I have a heart condition. And I told you I have my primary, that's about it.

8

> Q: Are you currently seeing the cardiologist?
>
> A: Okay. I'm not telling you anymore details about my health.
>
> Mr. Eiss: Ashley, we'll certify and mark these questions, please.

DE 149-1 at 64:9-67:5. I find that Plaintiff did not fully answer the question as to doctors that she has seen in the last ten years. As the deposition progressed, Plaintiff additionally referenced a general practitioner with an Indian name that she could not recall and stated generally that she could not recall "all the names." *Id.* at 67:7-23. This question is clearly relevant to her claim for damages. Plaintiff, however, has offered no legally valid reason for not providing a complete answer as to the doctors that she has seen during the last ten years. Therefore, Plaintiff shall provide to Defense counsel, in writing, the names of the medical providers that she has seen within the ten years prior to the deposition and shall identify the city and state where such providers are located.

### D. Question Topic 4

> The fourth question is as follows:
>
> Did you put anything in writing to Antonio, whether it be by email, letter, or otherwise where the content of that writing was something negative towards [or about] Antonio?

DE 149-1 at 85:1-4. Plaintiff refused to answer to answer the question. *See id.* at 85:5-23. Antonio appears to be sibling of Plaintiff and Defendant. *Id.* at 31:13-14. However, the Motion to Compel does not explain how Plaintiff's communications with this sibling, whether positive or negative, relates to the claims and defenses in this case. Accordingly, the Motion to Compel is denied with respect to Question Topic 4. *Espinoza*, 2020 WL 8739939, at *2.

E. **Question Topic 5**

The fifth area of inquiry asks about Plaintiff's postings on Facebook. The context for Defense counsel's inquiry follows:

Q: . . . go back to Page 22 [of Exhibit 1], please.[6]

. . .

Q: . . . Does this appear to be . . . what you put up on [a] Facebook page?

A: Okay. This is completely out of the context of the page. And in order for me to, you know, I would have to bring the page and look at it and see if it matches. That's an audio and I don't have it. You know, whatever it says here is what she heard me saying, if it is correct. I can't attest to the writing if it was a video. I don't know if that's exactly what I said, because it's a transcript. Whatever she thinks I said. You know, I would have to read to listen to what I put in the video and compare to what is in here.

. . .

Q: Did you use a WordPress account to either create or put up some of these videos?

A: I already answered that question. I told you yes.

Q: Yes, all right. And at the bottom it says here this blog was – I'm reading the English translation. "This blog was created to show videos that show torture intimidation done by Dr. Eduardo Nassar to", and the other part was cutoff unfortunately.

A: See whatever is written in there I can't attest to exactly what I said in the video, because I'm not seeing the video. It's whatever they transcribed.

Q: I'm not going to hold you to it verbatim.

A: You are not showing me the actual video.

---

[6] The questioning appears to pertain to Defendant's Exhibit 1, which was not attached to the transcript of the deposition. DE 149-1 at 94:4-19. Exhibit 1 is described as the full version of the complaint ("Defamation Complaint") that was attached as an exhibit to the Complaint in the instant lawsuit. *Id.* Defendant filed the Defamation Complaint against Plaintiff, and Defense counsel confirmed with Plaintiff that she has alleged that the Defamation Complaint was false. *Id.* at 91:16-92:10. Defense counsel asks Plaintiff about whether exhibit pages to the Defamation Complaint appear to be what Plaintiff put up on a Facebook page. *Id.* at 97:25-98:13.

> Q: I don't have the video to show you, because that was part of the defamation claim, not part of this claim. They become part of this claim, but right now they're not part of this claim. Does this appear to be something you posted on Facebook?
>
> A: I can't ask [sic] you – answer you an appearance to whether it's an appearance. It's vague. I can't answer to an appearance question. It's not an objective question.
>
> Mr. Eiss: All right. Mark another for the judge, please.

DE 149-1 at 98:1-104:20.

A similar line of questions and answers followed, which pertained to page 31 of the same exhibit. *Id.* at 104:21. Defense counsel asked Plaintiff whether page 31 "appear[ed] to be information that [she] had on the page or on the videos." *Id.* at 105:15-17. After Defense counsel repeated the question several times, Plaintiff stated: "I already answered you. I cannot answer – I object to the appearance that you're asking me." *Id.* at 107:21-23.

Defense counsel appears to be showing Plaintiff excerpts of an exhibit reflecting what she allegedly posted on Facebook. Whether, and to what extent, the exhibit implicates a missing video is unclear. The exhibit at issue is not attached to the deposition transcript. Therefore, the Court is unable to conduct any meaningful review of the exhibit. Accordingly, Defendant's motion to compel is denied as to Question Topic 5.

## II.   September 1, 2021 Deposition

### A.   Question 1

Question 1 pertains to a document or documents marked for identification as Exhibit 16, which was attached to the transcript. DE 142-2 at 43; 373-403. Defense counsel acknowledges during the deposition that the exhibit is in Portuguese. *Id.* at 45:8-10. The exact question counsel asked is: "does this appear to be comments you made on your - - on the videos that were on YouTube?" DE 142-2 at 45:10-12. Plaintiff answered: "I can't answer. I object to answering something that I don't know." *Id.* at 45:13-14. Plaintiff argues in her Response, among other

11

things, that Exhibit 16 was not accompanied by an English translation. DE 144 at 1-2. I find that Plaintiff both answered the question with "I don't know," and that Plaintiff was justified in objecting to answering on grounds that Exhibit 16 lacked an English translation. *Nodus Int'l Bank, Inc.*, 511 F. Supp. 3d at 1325. Therefore, the motion to compel is denied as to Question 1.

### B. Question 2

Question 2 also pertains to Exhibit 16. DE 142-2 at 46:1-12. Defense counsel asks in question 2: "[s]ince you are bilingual, what does the first one [page 14] say in English?" *Id.* Plaintiff refused to translate. *Id.* at 13-19. Defense counsel later noted that Plaintiff refused to answer questions as to pages 14 and 15 of Exhibit 16. *Id.* at 12-19. As discussed relative to Question 1, Plaintiff justifiably refused to answer on grounds that Exhibit 16 lacked an English translation. Accordingly, the motion to compel is denied as to Question 2.

### C. Question 3

In question 3, Defense counsel presents to Plaintiff Exhibit 17 and asks whether it is from a court in Sao Paulo directing Plaintiff "to take down certain documents." DE 142-2 at 47:20-49:7. Plaintiff objected, in part, because the document was in Portuguese without an English translation. Again, as discussed above, Plaintiff is justified in refusing to answer questions about a document without an English translation, and the motion to compel is denied relative to Question 3.

### D. Question 4

Question 4 relates to Exhibit 18. DE 142 at 51:23-52-5. Defense counsel asks whether the document is about removing a page from Facebook on a website called FumacaSOS. *Id.* at 52:11-13. Again, Plaintiff justifiably refuses to answer as the document lacks an English translation. Accordingly, with respect to Question 4, the motion to compel is denied.

### E. Question 5

Question 5 pertains to Plaintiff's family members suffering from depression. DE 142-2 at 60:11-61:18. Defense counsel appears to ask about the names of aunts and cousins who Plaintiff referenced generally as family members suffering from depression. *Id.* Specifically, counsel asks whether the names Martha, Rita, and Marastella (phonetic) were among that group? *Id.* Plaintiff objected and refused to answer. *Id.* Again, the Motion to Compel fails to give any indication about why this information relates to the claims and defenses in this case. Therefore, as to Question 5, the Motion to Compel is denied. *Espinoza*, 2020 WL 8739939, at *2.

### CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Compel (DE 142) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) With respect to the August 26, 2021 deposition, the Motion to Compel is

   a. **GRANTED** as to question topic 3. Plaintiff shall provide to Defense counsel **by January 14, 2022**, in writing, the names of the medical providers that she has seen within the ten years prior to the deposition and shall identify the city and state where such providers are located. For clarity purposes, Plaintiff is only required to provide the names of the medical providers and their location at the time of her treatment (city and state).

   b. **DENIED** as to question topics 1, 2, 4 and 5.

(2) With respect to the September 1, 2021 deposition, Plaintiff's objections are **SUSTAINED** and the Motion to Compel is **DENED** as to all five questions.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of January, 2022.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE